333                  Goldsmith, Klaw & Co. v. Hain & Myers.

333                      BONA FIDE BUYER.

[Pickaway Circuit Court, December Term, 1885.]

Cherrington, Bradbury and Clark, JJ.

GOLDSMITH, KLAW & CO. v. ISAIAH HAIN & DANIEL MYERS, SR.

RIGHTS OF MORTGAGOR OF GOODS OBTAINED BY FRAUD.

> When a party obtains goods by fraud, for instance by purchasing them when he is insolvent and does not intend to pay for them, and then executes a mortgage upon them to a creditor to secure a preexisting debt, the mortgagee occupies no better position than the mortgagor as against the vendor of the goods, who rescinds the sale for fraud and replevies them.

ERROR to the Court of Common Pleas of Pickaway county.

This was an action in replevin, brought in the court of common pleas of Pickaway county against the said defendants, to recover the possession of a large amount of clothing, sold by the plaintiffs to Robert B. Hain and Daniel Myers, Jr., a firm doing business under the name and style of Hain & Myers.

The petition alleged that on or about the 6th day of September, 1883, the said firm, by a pre ended purchase, and by fraudulent practices and pretenses, obtained possession of the said goods and chattels; that the plaintiffs relying on the said misrepresentations, agreed to sell and did deliver the said clothing to the said firm of Hain & Myers; that the said firm never paid anything on the said goods; that at the time of the said pretended purchase the said firm was wholly insolvent and unable to pay for said goods, and ever since has remained insolvent; that at the said time said firm well knew themselves to be insolvent, and did not intend to pay for the said goods, but purchased the same with the intention to defraud the plaintiffs; that on the 28th day of September, 1883, the said firm of Hain & Myers executed and delivered to the said Isaiah Hain and Daniel Myers, Sr., certain chattel mortgages on said goods and chattels, and other property; that the defendants on the same day took possession of the said goods; that the said mortgages were executed to defraud the plaintiffs, without consideration, to secure preexisting debts, and to indemnify the defendants on account of preexisting debts.

That before the commencement of this action the plaintiffs rescinded the said pretended sale and demanded said goods.

The defendants in their answer admitted that the said chattel mortgages on the said goods and chattels were executed to secure preexisting debts, and to indemnify the defendants as sureties against preexisting debts; but they denied all the allegations in said petition in regard to fraud and want of consideration.

The case was tried by a jury before the Honorable George Lincoln.

The court charged the jury as follows:

1. The plaintiffs, in order to recover in this action, must establish by a preponderance of evidence two propositions; the first of which is, that the firm of Hain & Myers, the mortgagors, purchased these goods by either fraudulent representations of the pecuniary condition, or a fraudulent concealment of that condition. If you should find the plaintiffs have failed to make out their case, that there was fraud in the original purchase of these goods, your verdict should be for the defendants, and you need go no further.

2. But if you find that these goods were purchased through fraud, without any reasonable expectation of being able to pay for them, then you will proceed to inquire whether or not the chattel mortgages given the defendants in this case, and their possession of the goods by virtue thereof, were transactions made in good faith, either to pay debts which the firm may have owed the defendants or to secure them against loss upon any obligations on which they may have been security for this firm.

---

* This case was cited by the Superior Court in Pike v. Bank, 2 Dec., 5, to sustain the proposition, that in case of fraud the right of a vendee will prevail against the mortgagor of vendee, for a pre-existing debt.

3.   If you find for the plaintiffs upon the first proposition, and that it has been *shown* you, by a preponderance of the testimony upon the second proposition, that the chattel mortgages and possession of these goods by Isaiah Hain and the elder Myers were taken for the purpose of defrauding and cheating the plaintiffs out of the goods they had sold to Hain & Myers, then your verdict should be for the plaintiffs.

4.   Fraud generally rests upon the intent of the parties, and such intent is an operation of the mind concealed from view; it is, therefore, proved by the circumstances surrounding the transaction, and is not susceptible of being proved by direct and positive testimony.   But such circumstances and acts of the party must be of such a nature as to satisfy your minds by a preponderance of the testimony that the intent was fraudulent, and the acts done by the parties were intended to deceive and mislead, as for instance, when a person purchases goods and it is shown from facts and circumstances that he could have had no reasonable expectation of being able to pay for them, it is equivalent to an intention not to pay.

5.   But where the purchaser intends to pay and has reasonable expectation of being able to pay, the contract is not fraudulent, although the purchaser knows he is insolvent, and does not disclose it to the vendor, who is ignorant of it."

The plaintiff requested the court to charge the jury as follows:

1.   " If the jury find that Hain & Myers, at the time they purchased the goods of the plaintiffs, made the said purchase, with the intention on their part not to pay for them, then the purchase was fraudulent and void as between the said firm of· Hain & Myers and the plaintiffs, and if the jury find that at the time of the said purchase the said firm had no reasonable expectations of being able to pay for the said goods, that is equivalent to an intention on their part not to pay for them."   (The above propositions were given to the jury by the court.)

The plaintiffs further requested the court to give the following charge to the jury:

" If the jury shall find that the mortgages executed by the said Hain & Myers to the said defendants, or either of the said mortgages executed to them or either of them, was executed to secure a preexisting debt or debts, and for no other consideration, then the said defendants are not to be regarded in the light of *bona fide* purchasers, and took no greater or better title in the said goods than the said firm of Hain & Myers did."

But the court refused to give such charge, to which the plaintiffs excepted. The plaintiff also excepted to the charge of the court as given in the second proposition.

The jury returned a verdict for the defendants.   The plaintiffs made a motion for a new trial, which was overruled, and a bill of exceptions taken.

*Page, Abernethy & Folsom,* for plaintiffs, insisted that the refusal of the court, to charge as asked, and the charge as given, were erroneous, because it being admitted that the mortgages were made to secure preexisting debts, and as indemnity against preexisting debts, the mortgagees occupied no better position than the firm of Hain & Myers, and were not entitled to the protection afforded in equity to *bona fide* purchasers.   They cited: Lewis v. Anderson, 20 O. S., 231; Roxborough v. Messick, 6 O. S., 448; Coddington v. Bay, 20 Johns., 637; Root v. France, 13 Wend., 570; Woodburn v. Chamberlain, 17 Barb., 446; Bump on Fraudulent Conveyances, 477.

Clarence Curtain, and Smith & Morris, for defendants, cited numerous cases, which have not come to the hands of the reporter.

CHERRINGTON, J.

The plaintiffs in this case requested the court to charge the jury in regard to their finding that the mortgages were given to secure preexisting debts.   This, we think, was unnecessary, because it was admitted in the pleadings that the mortgages were made for that purpose.   But if the plaintiffs chose to submit to

the finding of a jury, a fact that was admitted in the case, it was not prejudicial to the defendants. The instruction requested, we conceive, ought to have been given, for we have no doubt as to the correctness of the proposition that a mortgagee, to secure a preexisting debt, occupies no better position than his mortgagor. But the court below went further, and undertook to give the jury instructions on the same subject-matter, and that portion of the charge does not lay down the rule correctly. Besides, it was confused and embodied several matters in regard to which they were instructed to enquire and make a finding, and yet it failed to tell the jury what they should do in case they found one way or the other upon the matters submitted to them.

It was also clearly implied in the instruction given, that a mortgagee to secure a preexisting indebtedness stood in the light of a *bona fide* purchaser, for value, and could hold the property.

We think this instruction had a tendency to mislead the jury, and for these reasons the judgment of the court below is reversed.

---

337                    ASSESSMENTS.

[Franklin Circuit Court, January Term, 1886.]

Williams, Cox and Shauck, JJ.

(Judge Cox, of the First Circuit, taking the place of Judge Stewart.)